IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| White Coral Marine Limited § <br> Transmed Shipping Co. Ltd. § <br> § <br>     Plaintiffs, § <br> § <br> vs. § <br> § <br> Chimbusco Pan Nation Petro-Chemical Co. Ltd., § <br> § <br>     Defendant, § <br> § <br> and § <br> § <br> Bunker One Holding (USA) LLC § <br> Bunker One Services (USA) LLC § <br> Chimbusco Americas, Inc. § <br> GAC Energy & Marine Services LLC § <br> Integr8 Fuels America LLC § <br> Maersk Line, Limited § <br> Maersk Oil Trading Inc. § <br> Minerva Bunkering (USA) LLC § <br> World Fuel Services, Inc. § <br> World Fuel Services Americas, Inc. § <br> § <br>     Garnishees. § | CIVIL ACTION _____ <br><br> IN ADMIRALTY, Rule 9(h) |

**VERIFIED COMPLAINT WITH REQUEST FOR ISSUE OF
<u>PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT</u>**

White Coral Marine Limited ("WCML") and Transmed Shipping Co. Ltd. ("Transmed") (herein collectively, "WCML/Transmed") bring this action against Chimbusco Pan Nation Petro-Chemical Co. Ltd. ("Chimbusco") *quasi in rem* pursuant to Supplemental Rule B for Certain Admiralty and Maritime Claims, requesting the issue of writs of maritime attachment and garnishment including against Garnishees and state as follows:

## Jurisdiction and Venue

1. This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C. § 1333 and is an admiralty or maritime claim within Fed. R. Civ. P. 9(h). WCML/Transmed further brings this action for security for suit which WCML will bring in Hong Kong pursuant to contractual terms with Chimbusco, as more fully detailed below.

2. Venue is proper in this District because the Garnishees are within the meaning of Supplemental Rule B located, can be found, and/or can be served with process in this District.

3. Venue is also proper in this District because Chimbusco's property is or soon will be in this District, namely, accounts payable from Garnishees to Chimbusco.

4. Chimbusco cannot be found in this District within the meaning of Supplemental Rule B.

## The Parties

1. WCML and Transmed are Cyprus corporations, and the owner and manager respectively of the ocean cargo vessel M/V LEDRA ("Vessel").

2. Chimbusco is a Hong Kong corporation which sold marine fuel ("bunkers") to WCML and Transmed to power the Vessel.

3. Garnishees each are entities with offices or agents located in this District which, on information and belief as detailed below, WCML/Transmed reasonably believe hold accounts which are the property of and/or owing to Chimbusco.

## Facts

4. On or about December 14, 2021, Transmed, for itself as Manager and for WCML as Owner of the Vessel, ordered from Chimbusco 1,400 metric tons of Low Sulfur Fuel Oil

("Bunkers") with the specification that the Bunkers were to contain no more than 0.5% sulfur. This is because under Annex VI of the International Convention for the Prevention of Pollution from Ships ("MARPOL"), the Vessel is not permitted to carry or consume Bunkers which have .5% or more sulfur content. The Chimbusco – Transmed/WCML contract provided for proceedings arising out of the contract to be brought against Chimbusco in Hong Kong and for Hong Kong law, which includes provision of attorneys' fees to the prevailing party, and pre-judgment interest, to control the contract.

5. Chimbusco arranged for a physical supplier, CEPSA S.A. ("CEPSA") of Madrid, to provide the Bunkers. The Bunkers were loaded aboard the Vessel at Algeciras, Spain on December 2021, and then held ready aboard the Vessel, during the Vessel's sailing from Algeciras to Ponta de Madeira, Brazil.

6. Transmed submitted a sample of the Bunkers to a laboratory for testing to make sure that the Bunkers had the contracted .5% sulfur content or less. The laboratory analysis reported that the Bunkers were off-specification, with a sulfur content of .58% and thus impermissible under MARPOL for the Vessel to carry or consume. Transmed sent Chimbusco promptly, a notice of claim for the off-specification Bunkers.

7. Transmed for itself and WCML, Chimbusco and CEPSA then on December 31, 2021 undertook a further, joint analysis, which showed that the Bunkers had an even higher, impermissible sulfur content of .68%.

8. The Bunkers must remain aboard the Vessel until they can be offloaded. This has delayed the Vessel, which was and is under Time Charter, and the Charterer having loaded the Vessel with cargo at Ponta de Madeira, Brazil for discharge at Pecem, Brazil. The Bunkers were required by the Vessel to undertake the voyage with the cargo from Ponta de Madiera to Pacem.

While the Vessel is without compliant bunkers to consume, it must in order to continue to be under power consume the much higher priced, low sulfur marine gas oil ("MG") that the Vessel has aboard. The Vessel also may be placed off charter, while the Vessel, without the necessary fuel, is delayed from completing the voyage from Ponta de Madiera to Pacem.

9. In order to mitigate damages, WCML/Transmed arranged for another, replacement load of bunkers to be loaded on the Vessel, however, those bunkers cannot be loaded until the non-compliant, Chimbusco-provided Bunkers are unloaded from the Vessel.

10. Chimbusco failed and refused to take action to pay for the unloading of the Bunkers from the Vessel. To provide for unloading the Bunkers from the Vessel, WCML/Transmed had to take title to the Bunkers by paying Chimbusco.

11. As the result of Chimbusco's breach of contract, namely, failing to provide .5% or less sulfur content Bunkers and failing to take responsibility to remove the non-compliant Bunkers from the Vessel, WCML/Transmed have suffered and continue to suffer damages including but not limited to the costs incurred in de-bunkering/re-bunkering, the price differential of the Bunkers and replacement bunkers, and the MGO which the Vessel must consume, any off-hire under the current Time Charter; and any additional port or other expenses incurred.

## Count I – Breach of Contract

12. WCML/Transmed repeats the foregoing paragraphs.

13. Chimbusco has breached its maritime contract with WCML/Transmed and caused WCML/Transmed damages, which are subject to litigation in Hong Kong under the Chimbusco sales terms for the Bunkers. WCML/Transmed seek security for the litigation which it intends to bring against Chimbusco in Hong Kong by way of funds and other property held by Garnishees, as demanded below.

**Count II – Maritime Attachment and Garnishment (Rule B)**

14. WCML/Transmed incorporates the above paragraphs as if fully set forth herein.

15. WCML/Transmed seeks issue of process of maritime attachment so that they may obtain security for its claims in the Hong Kong proceedings, including its attorneys' fees, costs and interest as provided by Hong Kong law.

16. No security for WCML/Transmed's claims has been posted by Chimbusco or anyone acting on its behalf.

17. Chimbusco cannot be found within this district within the meaning of Rule B, but is believed to have, or will have during the pendency of this action, property and/or assets in this jurisdiction, namely, accounts owed Chimbusco by garnishees.

**Prayer for Relief**

WHEREFORE, WCML/Transmed prays:

A. That in response to Count I, process of maritime attachment be issued to garnish and attach property of Chimbusco, including but not limited to, accounts payable owed or to be owed from garnishees to Chimbusco in the amount of at least **$2,159,837.17** (principal of $1,429,964, interest for 3 years at 5% compounded quarterly in the total sum of $229,873.17 and legal costs including attorneys' fees to an award of USD500,000) in security of WCML/Transmed's claims in Hong Kong litigation against Chimbusco, upon that total amount being garnished and attached, this action to be stayed and the amount to await final award in the Hong Kong litigation and judgment recognized by this Court;

B. That in response to Count II, since Chimbusco cannot be found within this District pursuant to Supplemental Rule B, this Court issue an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching all of Chimbusco's tangible or

intangible property or any other funds held by any garnishee, up to the amount of at least the amount demanded herein to secure WCML/Transmed's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Supplemental Rule B, answer the matters alleged in the Verified Complaint;

   C. That as provided in Supplemental Rule B, that such person over 18 years of age be appointed as moved for herein pursuant to Supplemental Rule B and Fed. R. Civ. P. 4(c) to serve process of Maritime Attachment and Garnishment in this action;

   D. That this Court award Plaintiffs such other and further relief that this Court deems just and proper.

| | |
|---|---|
| **OF COUNSEL** | YOUNG CONAWAY STARGATT & TAYLOR LLP |
| J. Stephen Simms<br>Simms Showers LLP<br>201 International Circle<br>Baltimore, Maryland 21030<br>Telephone: (410) 783-5795<br>Facsimile: (410) 510-1789<br>jssimms@simmsshowers.com | */s/ Timothy Jay Houseal*<br>Timothy Jay Houseal (Del. Bar ID No. 2880)<br>Rodney Square<br>1000 North King Street<br>Wilmington, DE 19801<br>(302) 571-6682<br>thouseal@ycst.com<br><br>*Attorneys for White Coral Marine Limited and Transmed Shipping Co. Ltd.* |

Dated: January 25, 2022

## **VERIFICATION**

I am a Principal of the law firm Simms Showers LLP, of counsel to WCML/Transmed.

The facts alleged in the foregoing complaint are true and correct to the best of my knowledge and information based upon the records of WCML/Transmed made available to me by WCML/Transmed. WCML/Transmed's authorized officers are not readily available in this District to make verifications on WCML/Transmed's behalf.  I am authorized to make this verification on WCML/Transmed's behalf.

I further certify that, pursuant to Supplemental Rule B, I caused a search to be made of electronic records and Directory Assistance for addresses and telephone numbers in this District. There is no record of any general or resident agent authorized to accept service of process for defendant Chimbusco in this District.

>Pursuant to 28 U.S.C. § 1746(1), I solemnly declare under penalty of perjury that the foregoing is true and correct.

>Executed on January 25, 2021.

>*/s/ J. Stephen Simms*
>J. Stephen Simms
>Simms Showers LLP
>201 International Circle
>Baltimore, Maryland 21030
>Tel:  410-783-5795
>Email: jssimms@simmsshowers.com